GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: JENNIFER JUDE
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Telephone:  (212) 637-2663
Facsimile:   (212) 637-2686
E-mail: jennifer.jude@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

UNITED STATES OF AMERICA,

                Plaintiff,         18 Civ. 855

      v.         **COMPLAINT**

NATALIO FRIDMAN,

                Defendant.

------------------------------------------------------- x

        Plaintiff, the United States of America, by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, brings this civil action to collect the outstanding unpaid civil penalty assessed against Natalio Fridman ("Defendant") for his willful failure to report his financial interest in a foreign bank account, as required by 31 U.S.C. § 5314 and its implementing regulations, in calendar year 2009, and alleges upon information and belief as follows:

## JURISDICTION AND VENUE

    1.    The United States brings this suit under 31 U.S.C. § 3711(g)(4)(C) and 31 U.S.C. § 5321(b)(2), at the direction of the Attorney General of the United States and at the request of,

and with the authorization of, the Commissioner of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, because the United States is the plaintiff, and because it is an action for the recovery or enforcement of a fine or penalty incurred under an Act of Congress.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district.

## REGULATORY BACKGROUND

4. Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Department of the Treasury for each calendar year in which such relationship existed. 31 C.F.R. § 103.24 (2009).[1]

5. To fulfill this requirement, a person must file a Form TD-F 90-22.1, Report of Foreign Bank and Financial Accounts, commonly known as an "FBAR" by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 103.27.[2]

6. Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for willful failure to comply with the reporting requirements of Section 5314. Specifically, Section

---

[1] The regulations under 31 U.S.C. § 5314 have been amended since the calendar year at issue and recodified at 31 C.F.R. pt. 1010. *See* 31 C.F.R. § 1010.350(a) (2017).

[2] *See supra* note 1; 31 C.F.R. § 1010.306(c) (2017).

5321(a)(5)(C) provides for a penalty in the amount of the greater of $100,000 or 50% of the balance in the account at the time of the violation.

7. The penalty set forth under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

## FACTS

8. Defendant is a U.S. permanent resident who obtained a green card in 1964.

9. Defendant is both a trustee and a beneficiary of the David Marcelo Trust (the "Trust"), which was created by Defendant's mother-in-law Golda R. De Kipersmit, in 1990, and is named for Defendant's son, David Marcelo Fridman. Under the terms of the Trust, Defendant has unlimited control of the principal and income of the Trust and has full discretion to revoke the Trust and to manage its assets.

10. From July 1994 until February 2010, the Trust had a Swiss bank account at HSBC Private Bank (Suisse) S.A. (formerly the Republic National Bank of New York (Suisse) S.A.) Account No. XXXXXX15[3] (the "HSBC Account"). Defendant had both signature authority over and a financial interest in the HSBC Account.

11. Records obtained by the IRS for years 2003 through 2010 show that the HSBC Account has had a balance as high as $13 million and that it has held certificates of deposit that earned interest, but that none of that interest income was ever reported on a federal tax return.

12. Defendant has refused to file delinquent returns related to this unreported income and although he is a trustee of the Trust, he has never field a federal tax return on behalf of the Trust.

---

[3] Redacted pursuant to Federal Rule of Civil Procedure 5.2.

13. In calendar year 2009, the Account had a balance as high as $489,173.07. Defendant failed to file an FBAR to report his interest in the HSBC Account for calendar year 2009 by the deadline of June 30, 2010, and has not done so to date.

14. Defendant has filed FBARs for other foreign accounts since at least 1991. Indeed, Defendant's FBAR filings for calendar year 2009 disclosed two other foreign accounts. However, Defendant has never filed an FBAR for the HSBC Account for any year despite repeated requests by the IRS that he do so.

15. Defendant acted willfully in failing to file an FBAR for calendar year 2009.

16. On May 17, 2016, the IRS issued Letter 3709 to Defendant, notifying him of its decision to impose a willful FBAR penalty on him with respect to the HSBC Account for the 2009 calendar year.  The IRS assessed a $100,000 penalty for Defendant's failure to file an FBAR to report the HSBC Account for calendar year 2009 on May 20, 2016.  Defendant did not submit a request for a hearing with the IRS Office of Appeals.

17. Since the date on which the IRS assessed the FBAR penalty, interest and additional penalties have accrued, and continue to accrue, including interest at the rate of 1% per year and a late penalty charge of 6% each year.  31 U.S.C. § 3717.

## CAUSE OF ACTION

18. The allegations in paragraphs 1 through 17 are repeated and realleged as though set forth fully herein.

19. By this action, the United States seeks to collect the FBAR penalty assessed by the IRS on May 20, 2016, plus interest and additional penalties which accrued and continue to accrue as provided by law.

20. As of January 19, 2018, Defendant owes the United States $103,065.76, consisting of the $100,000 FBAR penalty assessed for calendar year 2009, $1,668.50 of accrued interest, and $1,397.26 of accrued late payment penalties.  Interest and late penalties on the FBAR penalty continue to accrue.

WHEREFORE, the Plaintiff United States of America demands judgment:

(a)  awarding the United States the amount of the Defendant's assessed FBAR penalty including any interest and late penalties, which as of January 19, 2018, total $103,065.76, plus any interest and/or additional penalties as allowed by law from January 19, 2018, to the date of payment; and

(b) granting the United States its costs incurred in connection with this action, along with such further relief as the Court may deem just and proper.

Dated: New York, New York
January 31, 2018

> GEOFFREY S. BERMAN
> United States Attorney for the
> Southern District of New York
> *Attorney for Plaintiff*
>
> By:   */s/ Jennifer Jude*
> JENNIFER JUDE
> Assistant United States Attorney
> 86 Chambers Street, 3rd Floor
> New York, New York 10007
> Tel. (212) 637-2663
> Fax (212) 637-2686
> jennifer.jude@usdoj.gov